UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BROWN,

        Petitioner,

v.                                          CASE NO. 2:12-cv-10427
                                            HONORABLE LAWRENCE P. ZATKOFF

J. S. WALTON,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

### I. BACKGROUND

This matter is pending before the Court on Petitioner Douglas Brown's habeas corpus petition. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan. He has been convicted of possession with intent to distribute cocaine base and aiding and abetting. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. On February 1, 2000, a federal district judge in the Northern District of Ohio sentenced Petitioner to imprisonment for 262 months (twenty-one years, ten months), followed by eight years of supervised release. Petitioner's projected release date is April 11, 2019.

While serving his sentence, Petitioner was found guilty of prison misconduct, including at least five incidents of non-criminal telephone abuse. Some of the incidents involved telephone abuse with a series 200 code (297), and one of the incidents involved telephone abuse with a series

300 code (397).[1] The last incident of telephone abuse occurred late in 2006. As a result of the telephone abuse, prison officials applied a public safety factor (PSF) to Petitioner's custody classification. This meant that Petitioner was not eligible for placement at a minimum security level institution. *See* Bureau of Prisons Program Statement, 5100.08, Chap. 2, page 4 (explaining that certain behavior by inmates requires increased security measures to ensure the protection of society and that PSFs are applied to inmates who are not appropriate for placement at a minimum security institution, which would permit the inmate to have access to the community.).[2]

In 2010, Petitioner's unit manager asked the Designations and Sentence Computation Center (DSCC) to waive Petitioner's PSF so that Petitioner could be transferred to a federal prison camp, which is a minimum security level institution. The DSCC denied the request on the basis that Petitioner required the security constraints of a low security facility.

Petitioner then pursued administrative remedies, arguing that the application of a PSF was inappropriate and that the PSF should be removed or waived. On October 7, 2010, the warden denied Petitioner's request, noting that Petitioner was found guilty of several telephone-related incidents. Petitioner appealed the warden's decision to the regional director of the Bureau of Prisons, who denied the appeal after concluding that application of the PSF was appropriate due to

---

[1] A 297 code is for high severity telephone abuse that does not include illegal activity. Bureau of Prisons Program Statement, 5270.09, Table 1, page 48. A 397 code is for moderate severity telephone abuse that does not include illegal activity. *Id.* at 52.

[2] The Federal Bureau of Prisons operates facilities at five different security levels: minimum security institutions, also know as federal prison camps; low security federal correctional institutions; medium security level federal correctional institutions and prisons designated to house medium security inmates; high security institutions, known as United States penitentiaries; and correctional complexes where institutions with different missions and security levels are located in close proximity to one another. *See* www.bop.gov/locations/institutions/index.jsp.

five separate incidents of non-criminal telephone abuse with a code of 297. Petitioner appealed the regional director's decision to the administrator for National Inmate Appeals, who concurred with the warden and the regional director and denied Petitioner's appeal on February 23, 2011. The administrator noted that Petitioner has been granted full telephone access of 300 minutes per month.

In August of 2011, Petitioner's unit manager made a second request to the DSCC to waive Petitioner's PSF. The DSCC denied the request, citing Petitioner's disciplinary record of telephone abuse and the amount of time remaining to be served. The DSCC stated that continued placement at a low security level was appropriate.

On February 1, 2012, Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2241. He alleges that, after six years of having the PSF factor applied to him, it should be removed, because there is no legitimate penological reason for the PSF. He also contends that the four incident reports with a code of 297 should not have been used against him for more than two years and that the incident report with a code of 397 should not have used against him for more than one year. He maintains that prison officials have violated their own rules and abused their discretion. The Government argues in an answer to the petition that Petitioner's challenge to his custody classification is not cognizable under § 2241 and that, even if the claims were cognizable, application of the PSF is appropriate in Petitioner's case.

## II. DISCUSSION

The Court finds it unnecessary to determine whether Petitioner's claims are cognizable under § 2241, because the claims lack merit even if they are cognizable on habeas review. The Bureau of Prisons is authorized to apply a PSF when an inmate has been found guilty of a 200 level offense code for telephone abuse. *See* Federal Bureau of Prisons Program Statement 5100.08, Chap. 5, page

11 (stating that, "[t]he PSF should be entered if any one of the following criteria applies . . . . The inmate has been found guilty of a 100 or 200 level offense code for telephone abuse."). Exhibits to the parties' pleadings indicate that Petitioner has been disciplined several times for telephone abuse with a 200 level offense code. Therefore, the Bureau of Prisons properly exercised its discretion by applying a PSF to Petitioner.

Petitioner contends that the Bureau of Prisons violated its own rules by applying a PSF to his 200 level offenses for more than two years and by applying a PSF to his 300 level offense for more than one year. In support of this contention, Petitioner cites Chapter 6 of Program Statement 5100.08, which addresses the procedures for determining an inmate's custody classification or level of supervision. The specific section cited by Petitioner addresses the type and number of the most serious incident report. It says nothing about the length of time that a PSF can be applied. *See* Program Statement 5100.08, Chap. 6, pages 11-12. Thus, contrary to Petitioner's allegations, the Bureau of Prisons has not violated its own rules by continuing to apply a PSF to him.

To the extent that Petitioner is challenging his classification level and placement in a low security facility, as opposed to a minimum security level facility, his claims lack merit because he has no constitutional right to a particular security classification. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Moody v. Daggett*, 429 U.S. 78 (1976), and *Montanye v. Haynes*, 427 U.S. 236, 242 (1976)). Petitioner also has no constitutional right to placement in a minimum security facility. *See Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995) (explaining that "an inmate possesses no inherent constitutional right to placement in any particular prison or in any particular section within the prison system"); *see also Beard*, 798 F.2d at 876 (stating that "[a] prisoner has no inherent constitutional right to be housed in a particular institution"). Because Petitioner does

4

not have a constitutional right to a particular security level or classification, he has failed to state a cognizable claim for relief. *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004). Furthermore, the Bureau of Prisons has determined that Petitioner's current security level is appropriate, given Petitioner's history of telephone abuse and the length of time remaining to be served.[3] This assessment by prison officials is entitled to deference. *See Brown v. Plata*, __ U.S. __, __, 131 S. Ct. 1910, 1928 (2011) (explaining that courts must be sensitive to "the need for deference to experienced and expert prison administrators faced with the difficult and dangerous task of housing large numbers of convicted criminals"); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (stating that "[w]e must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplishing them").

### III. CONCLUSION

For the reasons given above, Petitioner has failed to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). He also has failed to demonstrate that prison officials violated their own rules or abused their discretion by continuing to apply a PSF to him.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2012

---

[3] As noted, Petitioner's projected release date is April 11, 2019.

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 16, 2012.

                                                        S/Marie E. Verlinde
                                                        Case Manager
                                                        (810) 984-3290